**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          jsmith@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY REVITCH, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| DIRECTV, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Jeremy Revitch, individually and on behalf of all others similarly situated, alleges the following on information and belief, except that allegations concerning his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.    Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to DirecTV, LLC, ("DirecTV" or "Defendant") negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

2.    Plaintiff Jeremy Revitch is, and at all times mentioned herein was, a resident of Mill Valley, California and a citizen of the State of California.

3.    Defendant DirecTV, LLC, is a Delaware corporation with its principal place of business at 2260 E Imperial Hwy, El Segundo, CA 90245.  Defendant is a direct broadcast satellite service provider and broadcaster.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

5.    This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

6.    Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

### FACTS COMMON TO ALL CAUSES OF ACTION

7.    Defendant called Plaintiff's cellphone number using a prerecorded voice in violation of the TCPA.  The recording stated as follows:

> This is an important announcement from DirecTV.  We are now offering our most popular viewing package for only $19.99 per month.  For a limited time, new customers also receive a free flat-screen television, just for signing up.  Press 1 to speak with a representative, or press 9 to be removed from future offers.

8.    Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant.  Plaintiff never consented in writing, or otherwise, to receive autodialed calls or prerecorded messages from Defendant to his cellphone.  Plaintiff never provided Defendant with his telephone number.

9.    Plaintiff was harmed by the prerecorded call at issue here in the form of the aggravation, nuisance, trespass, waste of time and invasion of privacy that necessarily accompanies the receipt of unwanted telephone calls; depletion of battery life resulting from unwanted incoming calls; and violations of his statutory rights.

10.    There are numerous online consumer complaints from people who never sought Defendant's services, but who, like Plaintiff, received unsolicited telemarking calls from Defendant:

- It is direct TV and I do not have an accnt w/ them.  They call and put you on hold to take a wrong # call.  I have had about 10 calls now.  Also, I have called and told them wrong # wrong person on numerous occasions.  I started writing down their reps names and their promises of calls to stop.[1]

---

[1] http://phoneowner.info/Number.aspx/800/519/1823

- I don't know.  I never ordered Direct TV, and if it was Direct TV, I'd immediately cancel after getting called at 9 a.m. of a Sunday.[2]

- "I get these calls and I am NOT a DirectTV customer.  At this rate I will NEVER be a DirectTV customer.  Not only that, they keep changing the number they call from to get around the number blocking.  I wonder if we can do a class-action suit to stop these calls.[3]

11.    Indeed, Defendant has a history of engaging in mass calling campaigns without call recipients' consent.  For example, in 2005, Defendant paid a $5.3 million penalty to the Federal Trade Commission for paying telemarketing firms to call potential customers listed on the national Do Not Call Registry.[4]

12.    In 2009, Defendant again agreed to pay $2.31 million to settle charges with the Federal Trade Commission that it made more than 1 million calls to its customers who had placed themselves on a Do Not Call list.[5]

13.    DirecTV also has been sued approximately 13 times for violations of the TCPA.

14.    Simply put, DirecTV is a scofflaw.  It has determined that as long as violating the law is profitable, the occasional litigation and fines are an acceptable cost of doing business.

### CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this action on behalf of himself and all other persons similarly situated.  Plaintiff proposes the following class:

> All persons within the United States who: (1) received a prerecorded message from Defendant or anyone acting on its behalf, (2) at any time from four years prior to the filing of this Complaint through the dissemination of class notice, and (3) for whom Defendant has no record of prior express written consent.

16.    Excluded from the above classes are Defendant; its affiliates, employees, officers and directors; and the Judge(s) assigned to this case.

---

[2] http://whocallsme.com/Phone-Number.aspx/800/519/1823
[3] https://www.everycaller.com/phone-number/1-802-503-1357/
[4] http://money.cnn.com/2005/12/13/news/fortune500/ftc_directv/?cnn=yes
[5] http://articles.latimes.com/2009/apr/17/business/fi-donotcall17

17.     Plaintiff does not know the exact number of members in the class, but reasonably believes based on the number of complaints about Defendant's business that members of the classes are so numerous that individual joinder would be impracticable.

18.     Plaintiff and all members of the class have been harmed by Defendant's unlawful prerecorded messages.

19.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The class members can be identified easily through records maintained by Defendant.  There are well-defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions that may affect individual members of the class members.  Those common questions of law and fact include, but are not limited to, the following:

    a.   Whether Defendant sent Plaintiff and class members prerecorded messages;

    b.   Whether Defendant's conduct was knowing and/or willful;

    c.   Whether the prerecorded messages that Defendant sent violate the TCPA;

    f.   Whether Defendant transmitted the prerecorded messages to Plaintiff and class members without their prior express written consent;

    g.   Whether Defendant is liable for damages; and

    h.   Whether Defendant should be enjoined;

20.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

21.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA and CLRA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

22.     As persons who received prerecorded messages on their telephone using an artificial or prerecorded voice, without their prior express written consent, Plaintiff asserts claims that are typical of each member of the class.  Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has no interests that are antagonistic to any member of the Class members.

23.     Defendant has acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate.  Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST COUNT**
**Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

24.     Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

25.     Plaintiff brings this claim on behalf of himself and a nationwide class.

26.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.  Congress intended to provide consumers a right to choose whether telemarketers may contact them, finding that "[e]vidence presented to Congress indicates that automated or prerecorded calls are a nuisance. . . ." Pub. L. No. 102-243, §12-13 (1991).  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

27.     Among other things, the TCPA prohibits initiating any telephone call to any phone using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).  According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.  The FCC has stated that telemarketing occurs when a call is initiated and

transmitted to a person for the purpose of promoting property, goods, or services.  47 C.F.R. §64.1200(a)(2)(iii); 47 C.F.R. §64.1200(f)(12); 18 FCC Rcd. 14014, 14098 ¶141 (FCC 2003).

28.    The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[r]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

29.    Plaintiff and class members did not provide Defendants with prior written consent to receive prerecorded messages from Defendant.

30.    As a result of Defendant's violations of the TCPA, Plaintiff and members of the class are entitled to an award of $500.00 in statutory damages for each and every prerecorded message they received from Defendant.

31.    As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and members of the class are entitled to treble damages of up to $1,500.00 for each and every prerecorded message that they received from Defendant.

32.    Plaintiff and members of the class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the class members the following relief against Defendants:

     a.  Injunctive relief prohibiting violations of the TCPA by Defendant in the future;

     b.  As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the class $500.00 in statutory damages for each and every call that violated the TCPA;

     c.  As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

d.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

e.  Reasonable attorneys' fees and costs;

f.  Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  February 21, 2018                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  ___*/s/ Joel D. Smith*_____
         Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
               jsmith@bursor.com
               ykrivoshey@bursor.com

*Attorneys for Plaintiff*