**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          jsmith@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY REVITCH, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>DIRECTV, LLC,<br><br>                              Defendant. | Case No. 3:18-cv-01127-JCS<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO STAY**<br><br>Date:  November 30, 2018<br>Time: 9:30 a.m.<br>Courtroom: G, 15th Floor<br><br>Judge: Hon. Joseph C. Spero |

OPPOSITION TO MOTION TO STAY; CASE NO. 3:18-cv-01127-JCS

**TABLE OF CONTENTS**

**PAGE(S)**

I.   INTRODUCTION ................................................................................................................1

II.  ARGUMENT .....................................................................................................................2

     A.   DIRECTV Does Not Satisfy the Four *Lair* Factors Supporting a Stay......................2

     B.   Alternatively, the Court Should Allow the Case to Advance Further
          Before Staying Proceedings ........................................................................................6

III. CONCLUSION ..................................................................................................................7

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Adams v. AT&T Mobility, LLC*,
   524 F. App'x 322 (9th Cir. 2013) .................................................................................................. 3

*Anderman v. Sprint Spectrum LP*,
   785 F.3d 1157 (7th Cir. 2015) ....................................................................................................... 3

*Esparza v. SmartPay Leasing, Inc.*,
   2017 WL 6731595 (N.D. Cal. Dec. 30, 2017) ........................................................................... 1, 5

*Joseph v. Trueblue, Inc.*,
   2015 WL 9487965 (W.D. Wash. Aug. 19, 2015) .......................................................................... 1

*Kaltwasser v. Cingular Wireless LLC*,
   2008 WL 3925445 (N.D. Cal. Aug. 22, 2008) .......................................................................... 1, 5

*Lair v. Bullock*,
   697 F.3d 1200 (9th Cir. 2012) ....................................................................................................... 2

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ......................................................................................................... 3

*Mohamed v. Uber Technologies*,
   115 F. Supp. 3d 1024 (N.D. Cal. 2015) ................................................................................ *passim*

*Morse v. Servicemaster Glob. Holdings, Inc.*,
   2013 WL 123610 (N.D. Cal. Jan. 8, 2013) .................................................................................... 3

*Mount Graham Coalition v. Thomas*,
   89 F.3d 554 (9th Cir. 1996) ........................................................................................................... 5

*Nken v. Holder*,
   556 U.S. 418 (2009) ....................................................................................................................... 1

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) ....................................................................................................................... 3

*Revitch v. DirecTV, LLC*,
   2018 WL 4030550 (N.D. Cal. Aug. 23, 2018) ........................................................................... 2, 3

*U.S. v. Hernandez-Lopez*,
   594 Fed. Appx. 385 (9th Cir. 2015) .............................................................................................. 2

*Wexler v. AT&T Corp.*,
   211 F. Supp. 3d 500 (E.D.N.Y. 2016) ........................................................................................... 2

# I. INTRODUCTION

The district court has discretion over whether to issue a stay, and DIRECTV "'bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Esparza v. SmartPay Leasing, Inc.*, 2017 WL 6731595, at *3 (N.D. Cal. Dec. 30, 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Many courts have denied motions to stay in similar cases alleging claims under the Telephone Consumer Protection Act ("TCPA") when applying the same four factors listed in DIRECTV's opening brief. *E.g.*, *id.* at *3 (denying motion to stay pending appeal of earlier denial of motion to compel arbitration); *Joseph v. Trueblue, Inc.*, 2015 WL 9487965, at *2 (W.D. Wash. Aug. 19, 2015) (same); *Brown v. Comcast Corp.*, C.D. Cal. Case No. 16-cv-00264-AB (Doc. No. 62) (Oct. 20, 2016) (same).

Moreover, the question of whether to issue a stay is not necessarily a zero-sum proposition. Courts can take a middle-ground approach by permitting discovery to go forward while deferring dispositive motion practice and trial so that the case can advance during the pendency of the appeal. For example, in *Kaltwasser v. Cingular Wireless LLC*, 2008 WL 3925445, at *3 (N.D. Cal. Aug. 22, 2008), after denying a motion to compel arbitration, the court denied in part the defendant's motion to stay pending its appeal of the arbitration decision. The court permitted the parties to proceed with discovery and then stayed the matter only after the plaintiff filed his motion for class certification, by which time the appeal was at a more advanced stage and closer to resolution. *Id.* at *3. Similarly, in *Mohamed v. Uber Technologies*, 115 F. Supp. 3d 1024, 1035 (N.D. Cal. 2015), Judge Chen granted the defendant's motion to stay "with the exception of reasonable discovery" pending the defendant's appeal of an earlier order denying a motion to compel arbitration. As set forth below, Mr. Revitch respectfully submits that no stay is warranted here or, at the very least, the Court should permit discovery to proceed during the pendency of the appeal until the parties submit briefing on Mr. Revitch's motion for class certification. This middle-ground approach is particularly appropriate given that DIRECTV does not argue that it is likely to succeed on the merits in its appeal (only that its appeal raises "serious legal questions").

## II. ARGUMENT

### A. DIRECTV Does Not Satisfy the Four *Lair* Factors Supporting a Stay

Under *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012), courts weigh four factors when considering whether to exercise their discretion to stay a matter: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." DIRECTV does not meet its burden with respect to these factors.

First, DIRECTV does not contend it can make "a strong showing that [it] is likely to succeed on the merits." *Lair*, 697 F.3d at 1203. This Court's arbitration order is consistent with two other decisions rejecting the same arguments DIRECTV raised here. *See Wexler v. AT&T Corp.*, 211 F. Supp. 3d 500 (E.D.N.Y. 2016); *Mey v. DIRECTV, LLC*, D. W.V. Case No. 17-cv-179 (Doc. No. 28) (Apr. 25, 2018). Moreover, DIRECTV has little to say about one of the key aspects of this Court's order. Specifically, this Court noted the absurd, far-reaching implications of DIRECTV's interpretation of AT&T Mobility's arbitration provision:

> Under DirecTV's interpretation of the arbitration provision, merely by agreeing to a contract to receive wireless service a customer would agree to subject to arbitration not only disputes that might arise with the service provider relating to that service but virtually any sort of dispute the customer might have against any entity that might in the future be acquired by the holding company that owns the service provider. No reasonable consumer would enter into such a contract.

*Revitch v. DirecTV, LLC*, 2018 WL 4030550, at *15 (N.D. Cal. Aug. 23, 2018). DIRECTV has never been able to articulate any limiting principle that would avoid the absurd results that logically follow from DIRECTV's interpretation. There is no reason to think that on appeal here, the Ninth Circuit will depart from the rule that "the language of a contract is to be read as a whole and given a reasonable interpretation, not an interpretation that would produce absurd results." *U.S. v. Hernandez-Lopez*, 594 Fed. Appx. 385, 386 (9th Cir. 2015) (applying California law).

1        Second, instead of making a "strong showing" in support of the first *Lair* factor, DIRECTV relies on an alternative lower standard that requires a party to "show that its appeal raises serious legal questions even if the moving party has only a minimal chance of prevailing on those questions." *Mohamed*, 115 F. Supp. 3d at 1035. DIRECTV's appeal does not raise serious legal questions because, as noted above, at least three courts (counting this Court) have rejected the same interpretation advanced by DIRECTV here, and the authorities DIRECTV relies on are not on point. *See Revitch*, 2018 WL 4030550, at *12 (distinguishing *Adams v. AT&T Mobility, LLC*, 524 F. App'x 322 (9th Cir. 2013) and *Anderman v. Sprint Spectrum LP*, 785 F.3d 1157 (7th Cir. 2015)). DIRECTV's appeal also rests on the theory that California Civil Code § 1654 and the doctrine of *contra proferentem* do not apply to arbitration agreements. But DIRECTV has never been able to reconcile that theory with the "equal footing" rule, which requires arbitration agreements to be "'as enforceable as other contracts, but not more so.'" *Revitch*, 2018 WL 4030550, at *16 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)).

Third, even if the Court agrees that DIRECTV's appeal raises serious legal questions, the motion to stay still fails. DIRECTV overlooks that where, as here, a party relies on the lower standard—that the appeal raises "serious legal issues"— it must "demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Morse v. Servicemaster Glob. Holdings, Inc.*, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011)) (emphasis in original); *see also Mohamed*, 115 F. Supp. 3d at 1028 (following *Morse*).

DIRECTV's opening brief gives short shrift to the second and third *Lair* factors. *See* Brief in Support of Motion to Stay, at pp. 6-7. DIRECTV primarily argues that it should not be subject to the expense of litigation, but "nearly all courts have concluded that incurring litigation expenses does not amount to an irreparable harm." *Mohamed*, 115 F. Supp. 3d at 1032-33. The argument carries even less weight when the defendant would be subject to discovery if the matter were sent to arbitration. "[W]here the arbitration agreement provides the parties adequate opportunity to

conduct discovery, then even if [DIRECTV's] appeal is successful, it appears that the discovery costs arising during the appeal are inevitable." *Id.* at 1033.

Here, although discovery would be cheaper for DIRECTV in arbitration, DIRECTV would not avoid discovery expenses altogether. AT&T Mobility's arbitration agreement provides that the arbitration will be governed by the Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes (collectively, 'AAA Rules') of the American Arbitration Association ('AAA')." AT&T Mobility Wireless Customer Agreement, § 2.2(3) (attached as Ex. 1 to Smith Declaration [Doc. No. 28-1]). In turn, Rule 22 of the Commercial Arbitration Rules allows for document discovery (called "Production of Information").[1] Document discovery is the principal form of discovery here, and many of Mr. Revitch's document requests bear directly on his individual claim. *See generally* Exhibit 1, Plaintiff's First Set of Document Requests.[2] If this matter ultimately went to arbitration, DIRECTV would presumably have to respond to some or all of the requests bearing on Mr. Revitch's individual claim.

Further, at the October 5, 2018 Case Management Conference, counsel for DIRECTV indicated that many third party companies make calls on DIRECTV's behalf, and that sending this case to arbitration would allow DIRECTV to avoid the burden and expense of trying to identify which company made the calls at issue here. But that burden argument does not stand up to scrutiny. If it is true that the calls here were made by a third party on DIRECTV's behalf, then regardless of whether Mr. Revitch's claims go to arbitration, DIRECTV has an obvious self-interest in determining who is making the unlawful calls so it can prevent further violations and further litigation. It would be extraordinary for DIRECTV to take the position that, but for this litigation, it does not care which company violated the TCPA when promoting DIRECTV's services. Hence, DIRECTV will presumably bear the expense and burden of identifying the third party company regardless of whether the Ninth Circuit reverses this Court's August 23, 2018 Order.

---

[1] *See* https://www.adr.org/sites/default/files/Commercial%20Rules.pdf

[2] Except where noted otherwise, the exhibits referenced in this brief are attached to the concurrently-filed supporting declaration of Joel D. Smith.

1   To be sure, DIRECTV would not be subject to class-related discovery in arbitration, but DIRECTV overstates the burden associated with class discovery here.  A review of the interrogatories and document requests attached as Exhibits 1-2, which likely represent the majority (if not all) of written discovery Mr. Revitch will serve on DIRECTV, shows they are not particularly onerous.  *See generally* Exhibits 1-2.  About a third of the document requests pertain to DIRECTV's affirmative defenses, and for many of those requests DIRECTV will likely have few, if any, responsive documents to review and produce.  Although DIRECTV may not be required to respond to interrogatories in arbitration, Mr. Revitch served only fifteen, and many seek discrete information such as the identity of people and companies, the type of file formats used for call logs, and the name of software programs used to transmit prerecorded calls.  *See generally* Exhibit 2, Plaintiff's First Set of Interrogatories.

Conversely, issuing a blanket stay now will unfairly place the risk of loss of evidence on Mr. Revitch.  For instance, if as DIRECTV contends another company made the calls at issue, then it is critical to identify that company before call logs or other evidence is destroyed.  *See Bradberry v. T-Mobile USA, Inc.*, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("the risk of lost evidence weighs against granting a stay. This risk and the delay in litigation constitute a substantial injury to Plaintiff, even though his claim is relatively small").  The only way to minimize that risk is to permit discovery now (as proposed in Section II(B) below).  *See Mohamed*, 115 F. Supp. 3d at 1035.

Fourth, DIRECTV's failure to satisfy the first three *Lair* factors is sufficient to deny the motion to stay without reaching the fourth factor related to the public interest.  *See Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (declining to continue analysis where moving party failed to satisfy first factor's threshold requirement).  In any event, the premise of DIRECTV's argument is that there is a strong national policy in favor of arbitration, but that premise is "doubtful" where, as here, the arbitration provision does not apply.  *Esparza*, 2017 WL 6731595, at *3.  Meanwhile, the rule requiring a "'just, speedy, and inexpensive'" determination of the action remains in place, counseling against a stay.  *Id.* (quoting Fed. R. Civ. P. 1).

### B. Alternatively, the Court Should Allow the Case to Advance Further Before Staying Proceedings

As noted in the introduction, it is common for courts to deny requests for a blanket stay after denying a motion to compel arbitration, and to permit some productive advancement of the case during the pendency of the appeal. *See*, *e.g.*, *Esparza*, 2017 WL 6731595 at *3; *Kaltwasser*, 2008 WL 3925445, at *3; *Mohamed*, 115 F. Supp. 3d at 1035. Allowing this matter to proceed up to the briefing on Mr. Revitch's motion for class certification strikes a balance between DIRECTV's concerns and the interest in sufficiently advancing the case during the pendency of the appeal. That option will improve the parties' ability to evaluate the matter for settlement purposes during the pendency of the appeal, and to more promptly resolve class certification when the appeal is resolved. Further, if a third party was involved in making the calls at issue, then discovery into the identity of that party may allow Mr. Revitch to bring claims against that party and/or serve discovery on that party before evidence is lost.

The fact that DIRECTV does not argue it is likely to succeed on the merits further supports this middle-ground approach, because by waiving that argument, DIRECTV tacitly concedes that the most likely outcome on appeal is affirmance. Hence, more likely than not, a complete stay will needlessly cause this matter to languish for a year or more while the parties wait for the Ninth Circuit to affirm this Court's order.[3] At a bare minimum, if the Court issues a stay and rejects Mr. Revitch's proposal regarding class certification, Mr. Revitch asks the Court to require DIRECTV to respond to the following written discovery requests, which are applicable irrespective of whether this matter proceeds on an individual or classwide basis:

Interrogatories: 1-5, 8-9, 12-13.

Requests for Production: 1-5, 7, 10-13, 22, 24-30.

*See* Exhibits 1-2.

---

[3] *See* 2017 Annual Report, United States Courts for the Ninth Circuit, at p. 44 (showing median time intervals for disposition of appeals).

**III. CONCLUSION**

For the aforementioned reasons, the Court should deny DIRECTV's motion to stay. Alternatively, the Court should either: (a) permit all discovery necessary for Mr. Revitch's motion for class certification and stay the case after the parties complete briefing on the motion; or (b) permit the limited discovery requested above.

Dated: October 25, 2018                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joel D. Smith*
            Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
             jsmith@bursor.com
             ykrivoshey@bursor.com

*Attorneys for Plaintiff*