UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY REVITCH,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTV, LLC,<br><br>    Defendant. | Case No. 18-cv-01127-JCS<br><br>**ORDER GRANTING MOTION TO STAY, VACATING NOVEMBER 30, 2018 MOTION HEARING AND CONTINUING JANUARY 11, 2019 CASE MANAGEMENT CONFERENCE TO MAY 10, 2019**<br><br>Re: Dkt. No. 46 |

## I. INTRODUCTION

On August 23, 2018, the Court issued an order denying DirecTV's motion to compel arbitration of Plaintiff's claims ("the August 23 Order"). DirecTV appealed that order to the Ninth Circuit and now brings a Motion for Stay Pending Appeal ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for November 30, 2018 pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

## II. ANALYSIS

A stay pending appeal is a matter of judicial discretion, not of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). In deciding whether to exercise that discretion, courts consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

*Id.* (citation omitted). "'The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 433)).

In order to satisfy the first factor the moving party must make a "strong showing" on the merits. *Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) (citations omitted). "Alternatively, the moving party can attempt to satisfy the first factor by showing that its appeal raises 'serious legal questions,' even if the moving party has only a minimal chance of prevailing on these questions." *Id.* (citing *In re Carrier IQ, Inc. Consumer Privacy Litig.*, No. C-12-MD-2330 EMC, 2014 WL 2922726, at *1 (N.D. Cal. June 13, 2014) ("Under Ninth Circuit law, [the *Lair*] factors are considered on a continuum; thus, for example, a stay may be appropriate if the party moving for a stay demonstrates that serious legal questions are raised and the balance of hardships tips sharply in its favor.")). Here, DirecTV raises serious legal questions as to whether the applicability of the arbitration clause is a matter of contract scope or formation and whether the canon of construction under California law requiring that ambiguities be construed against the drafter applies. Therefore, this factor lends some support to DirecTV's position that a stay should be entered pending the appeal.

With respect to the irreparable harm factor, the Ninth Circuit has held that depriving a party of access to arbitration may constitute irreparable injury where the parties have agreed to resolve their disputes through this "inexpensive and expeditious means." *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984); *see also Murphy v. DirecTV, Inc.,* No. 2:07-CV-06465-FMC, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008) (holding that DirecTV would suffer irreparable harm if a stay were not entered because it would lose "any and all practical benefits that [it] would have been afforded by the compulsion of arbitration in the first instance" and would "lose valuable time and resources if it [were] forced to conduct and respond to class-wide discovery and participate in other complex pre-trial proceedings"). Under the circumstances here, the injury identified in *Alascom* is of particular concern because Plaintiff would be permitted to conduct discovery related only to his individual claims if the arbitration clause were found on appeal to apply to his claims; yet if this Court were to deny DirecTV's request for a stay, Plaintiff

2

would be entitled to conduct classwide discovery. The Court therefore concludes that denial of a stay will result in irreparable harm and that this factor supports entry of a stay pending appeal.

The Court also finds that the third factor favors a stay, or at least, is neutral. As Plaintiff points out, there is a possibility that the delay associated with a stay will result in the loss of evidence. That is always a possibility when a stay is entered, however, and Plaintiff has not pointed to specific evidence that is likely to be lost and that will result in substantial injury to Plaintiff if this case is stayed. Nor has Plaintiff demonstrated that the stay will be detrimental to the public interest (the fourth factor).

Balancing the factors discussed above, the Court finds that it is appropriate to stay this proceeding until the Ninth Circuit rules on DirecTV's appeal.

### III. CONCLUSION

For the reasons stated above, the Motion is GRANTED and this matter is STAYED. The Case Management Conference set for January 11, 2019 is continued to May 10, 2019 at 2:00 p.m. The parties are requested to provide a joint status report one week in advance of the case management conference.

**IT IS SO ORDERED.**

Dated: November 9, 2018

JOSEPH C. SPERO
Chief Magistrate Judge

3